```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

NORTHERN INSURANCE COMPANY OF
NEW YORK a/s/o PAIN D'AVIGNON,
    Plaintiff,

    v.                                                       CIVIL ACTION NO.
                                                                08-11089-MBB

BONGARD S.A.S., FBM
BAKING MACHINES INC. and MICHAEL
HARRIS-WARREN, Individually and
d/b/a HARRIS-WARREN COMMERCIAL
KITCHEN SERVICE,
    Defendants.

**MEMORANDUM AND ORDER RE:
JOINT MOTION OF PLAINTIFF NORTHERN INSURANCE
COMPANY OF NEW YORK, DEFENDANT BONGARD S.A.S. AND
DEFENDANT FBM BAKING MACHINES, INC. TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE
(DOCKET ENTRY # 56)**

**April 26, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss filed by plaintiff Northern Insurance Company of New York a/s/o Pain d'Avignon ("plaintiff") and defendants FBM Baking Machines Inc. ("FBM") and Bongard S.A.S. ("Bongard"). (Docket Entry # 56). Plaintiff, FBM and Bongard reached agreements to settle plaintiff's claims and seek a dismissal of this action against FBM and Bongard with prejudice and without costs under Rule 41(a)(2), Fed. R. Civ. P. ("Rule 41(a)(2)").[1] The settlement

---

[1] Harris-Wilson has not filed a crossclaim against FBM and Bongard. Hence, the only claims against FBM and Bongard in this

agreements, which plaintiff, FBM and Bongard provided for in camera review along with the executed releases, contain a confidentiality provision.

Defendant Michael Harris-Warren, Individually and d/b/a Harris-Warren Commercial Kitchen Service ("Harris-Warren"), opposes dismissal and maintains it is entitled to know the amount and the terms of the settlements. Harris-Wilson insists it needs the amount at the present time to properly evaluate its liability.[2] Harris-Wilson also argues that the settlements extinguish its right to contribution[3] thereby resulting in prejudice.

The underlying litigation stems from a November 2007 fire at Pain d'Avignon ("the bakery"), a commercial bakery in Hyannis,

---

action consist of the now settled claims brought by plaintiff. The dismissal of plaintiff's claims against FBM and Bongard thus equates to a dismissal of the action against them.

[2] Harris-Wilson will know the settlement amount once plaintiff executes on any judgment against Harris-Wilson because the settlement amount reduces the amount of plaintiff's claim against Harris-Wilson. See Mass. Gen. L. ch. 231B, § 4(a).

[3] A contribution claim does not ripen into a claim until a joint tortfeasor pays more than his share of a judgment. See Sword & Shield Restaurant, Inc. v. Amoco Oil Co., 420 N.E.2d 32, 33 (Mass.App.Ct. 1981) ("while a cause of action for contribution may not be ripe until a joint tortfeasor has paid more than his share of a judgment, the inchoate right to contribution comes into being when the 'underlying incident' occurs"). Accordingly, Harris-Wilson has an inchoate right to contribution that arose at the time of the fire.

Massachusetts.  Plaintiff insured the bakery and represents that it paid the bakery in excess of $2,000,000.  Plaintiff, as the bakery's subrogee, seeks to recover these payments from Harris-Wilson on the basis of Harris-Wilson's alleged breach of warranty and negligent installation, maintenance and repair of an exhaust system for an oven involved in the fire.

The complaint seeks liability against Harris-Wilson in excess of $3,000,000.  A recent demand letter quantifies plaintiff's combined claims as exceeding $4,100,000.

## DISCUSSION

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss an action with court approval "as long as 'no other party will be prejudiced.'"  Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000).  Unless otherwise specified by the court, a Rule 41(a)(2) dismissal "is without prejudice."  Rule 41(a)(2), Fed. R. Civ. P.  In exercising the discretion afforded under the rule in the context of a motion to dismiss claims against a defendant, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'"  Id. (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir.

1969)).

Here, plaintiff, FBM and Bongard seek a dismissal with prejudice thus fully protecting FBM and Bongard from future claims that fall within the scope of the settlement. While these circumstances favor dismissal, it behooves this court to consider the interests of Harris-Wilson. See ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006) (noting need to consider interests of intervenor who was not party to release in deciding Rule 41(a)(2) motion); see also Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990) (courts recognize "that 'a non-settling defendant has standing to object to a partial settlement which purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example'"). The allegedly prejudicial impact of the dismissal on Harris-Warren's inchoate contribution claim thus warrants examination and consideration. See Id. (finding no abuse of discretion to deny Rule 41(a)(2) motion where "Cappseals had already become a party and asserted its own reach and apply claim against ITV, which would clearly have been prejudiced by a dismissal releasing the predicate claim of Healthy Solutions against ITV").

Under Massachusetts law, when a joint tortfeasor enters into a pre-judgment release, the settlement agreement "*shall* discharge" the settling tortfeasor "from *all* liability for

4

contribution to *any* other tortfeasor" if the settlement "is given in good faith." Mass. Gen. L. ch. 231B, § 4 (emphasis added). The breadth of the language therefore encompasses future inchoate contribution claims for the same injury. See Metropolitan Property and Casualty Ins. Co. v. Boston Regional Physical Therapy, Inc., 2009 WL 6476772, *4 (D.Mass. Sept. 22, 2009) (dismissing third party complaint brought after third party defendant had settled with the plaintiff as barred by section four of chapter 231B); see also Porter v. Ackerman, 405 N.E.2d 141, 143 (Mass. 1980) (analogizing section 4(b) of chapter 231B to circumstance in which court denied the defendant from impleading third party defendant to bring contribution claim in light of prior nonsuit between the plaintiff and the third party defendant); Grace v. Buckley, 435 N.E.2d 655, 657 (Mass.App.Ct. 1982); see generally Bishop v. Klein, 402 N.E.2d 1365, 1371-1372 (Mass. 1980) ("G.L. c. 231B, § 4(b), was drafted to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on . . . liabilities in future litigation"). The release, however, reduces the plaintiff's "claim against the others to the extent of any amount stipulated by the release." Mass. Gen. L. ch. 231B, § 4; see Boston Edison Co. v. Tritsch, 346 N.E.2d 901, 904 (Mass. 1976) ("under the act where, among multiple tortfeasors, one has settled in good faith and another has not settled, the claim against the latter is

5

reduced by the settlement, the former being protected against further liability").

Massachusetts General Laws chapter 231B ("chapter 231B") serves "to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on collateral rights and liabilities in future litigation." Bishop v. Klein, 402 N.E.2d at 1371-1372; see Slocum v. Donahue, 693 N.E.2d 179, 182 (Mass.App.Ct. 1998) ("purpose of the contribution statute is to promote settlement"). Extinguishing the right of contribution encourages settlements because "'[n]o defendant wants to settle when he remains open to contribution in an uncertain amount, to be determined on the basis of a judgment against another in a suit to which he will not be a party.'" Bishop v. Klein, 402 N.E.2d at 1371. On the other hand, the "good faith" requirement provides a safeguard against collusion and fraud in settlements and a remedy for "the unfairness of allowing a disproportionate share of the plaintiff's recovery to be borne by one of several joint tortfeasors." Hayon v. Coca Cola Bottling Co. of New England, 378 N.E.2d 442, 445 (Mass. 1978).

In keeping with the goal to encourage settlements, however, "extended hearings of good faith should be the exception." Chapman v. Bernard's Inc., 198 F.R.D. 575, 578 (D.Mass. 2001). Although chapter 231B "does not define good faith, . . .

6

Massachusetts courts have stated that a lack of good faith under § 4 'includes collusion, fraud, dishonesty, and other wrongful conduct.'" Chapman v. Bernard's Inc., 198 F.R.D. at 577 (quoting Noyes v. Raymond, 548 N.E.2d 196, 199 (Mass.App.Ct. 1990)). Here, if the settlement agreements between plaintiff, FBM and Bongard were entered into in good faith, they extinguish "all liability" on the part of FBM and Bongard "for contribution to any other tortfeasor" liable for the same injury, including Harris-Wilson. Mass. Gen. L. ch. 231B, § 4; see Metropolitan Property and Casualty Ins. Co. v. Boston Regional Physical Therapy, Inc., 2009 WL 6476772, *4 (D.Mass. Sept. 22, 2009); see also Chapman v. Bernard's Inc., 198 F.R.D. at 577 ("if the settlement between Chapman and Mattress Discounters was entered into in 'good faith', it effectively discharges Mattress Discounters from Bernard's crossclaim for contribution").

Plaintiff, FBM and Bongard submit they entered into the settlement agreements in good faith. Harris-Wilson maintains it is entitled to know the settlement amounts to determine good faith. The determinative issue at this juncture, however, is the presence and degree of Rule 41(a)(2) prejudice to Harris-Wilson as opposed to any subsidiary issue of good faith. It is a finding of good faith under section four of chapter 231B that operates as a discharge of the settling tortfeasor's "liability for contribution to any other tortfeasor," Mass. Gen. L. ch.

7

231B, § 4, as opposed to a Rule 41(a)(2) dismissal with prejudice on the basis of the settlement.[4] As explained by the court in Sullivan, it could:

> see absolutely no basis upon which an order of and the entry of separate judgment as to the plaintiffs' claims against Bankhead will have any effect whatsoever upon whether or not Anchor will be able to maintain its cross-claim for contribution against Bankhead. Certainly, the approval of the stipulation and the entry of separate judgment does not in any way extinguish the cross-claim, and Bankhead will remain in the case as a cross-claim defendant after dismissal of plaintiffs' claims against it and/or the entry of separate judgment. Whether or not Anchor will prevail on the cross-claim will depend upon whether or not the Court finds that the settlement between the plaintiffs and Bankhead was entered into in good faith. And if the Court finds that the settlement was not entered into in good faith, Anchor's cross-claim for contribution against Bankhead will be totally unaffected by the fact that there has been a dismissal of the plaintiffs' claims against Bankhead and the entry of separate judgment as between the plaintiffs and the defendant Bankhead.

Sullivan v. Bankhead Enterprises, Inc., 108 F.R.D. 378, 381 (D.Mass. 1985).

Accordingly, it is not necessary to decide the issue of good faith in order to allow the motion to dismiss. Examining the comparative liability exposures of the parties in relation to the

---

[4] Hence, Harris-Wilson's argument that plaintiff bears the burden of proof under state law to establish the existence of a settlement and "its nature and terms" under chapter 231B, Noyes v. Raymond, 548 N.E.2d at 200, does not provide a basis to deny the motion to dismiss under Rule 41(a)(2). The argument also fails to mention that Harris-Wilson bears the burden of showing prejudice under Rule 41(a)(2). See Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983); see also Waller v. Financial Corp. of America, 828 F.2d 579, 583 (9th Cir. 1987); Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154, 1165 (5th Cir. 1985).

8

amount of the settlements evidences that sufficient prejudice under Rule 41(a)(2) is lacking.  Furthermore, with respect to the good faith determination and the discharge issue, "a low settlement figure *alone* is not evidence of 'bad faith,'" Slocum v. Donahue, 693 N.E.2d at 182 (emphasis in original).  In this action, Harris-Wilson, which installed a new exhaust system and thereafter cut access ports and installed a larger exhaust fan (Docket Entry # 39, ¶¶ 9-12) for the oven, bears a decidedly greater level of involvement and liability exposure than FBM, the alleged seller that installed the oven, and Bongard, the alleged oven manufacturer (Docket Entry # 39, ¶¶ 5-7).  Further, although the alleged damages are large, Harris-Wilson has a viable and factually strong statute of repose defense even though it was not strong enough to merit summary judgment.  Finally, Harris-Wilson does not have a pending crossclaim for contribution against either FBM or Bongard and there is no pending motion to discharge an existing counterclaim for contribution. Cf. Chapman v. Bernard's Inc., 198 F.R.D. at 577-578 (examining good faith in context of pending contribution claim before allowing Rule 41(a)(2) dismissal); Noyes v. Raymond, 548 N.E.2d at 198-200 (examining good faith of plaintiff's settlement with Raymond's co-defendant in context of Raymond's counterclaim for contribution and thus whether settling co-defendant was discharged from contribution liability to Raymond).

In the event plaintiff obtains a judgment, Harris-Wilson will be entitled to reduce plaintiff's claim by the amount of the settlement. See Mass. Gen. L. ch. 231B, § 4(a). Such a reduction decreases the prejudice resulting from any extinguishment in the future of the inchoate contribution claim against FBM and Bongard for the fire. At the time of the judgment, Harris-Wilson will also be entitled to know the amount of the settlement. The difficulty Harris-Wilson presently experiences in evaluating plaintiff's claim without knowing the settlement amount constitutes no more than a tactical disadvantage as opposed to prejudice. See Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983) ("a showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss" under Rule 41(a) on the part of non-settling defendant).

Other factors do not justify denying the motion to dismiss. Plaintiff did not engage in excessive delay and pursued this action with a sufficient degree of diligence. A stay in 2009 was relatively brief and resulted from a settlement attempt. (Docket Entry ## 20 & 24). Although the discovery period was lengthy, the parties completed in excess of ten depositions and used their best efforts to complete the depositions. (Docket Entry # 33). Plaintiff, FBM and Bongard provide a sufficient explanation for

the dismissal.

In sum, considering these and other factors, a Rule 41(a)(2) dismissal of this action against FBM and Bongard with prejudice and without costs is appropriate.[5] Such a dismissal does not significantly effect a future crossclaim for contribution because the dismissal does not constitute a finding of good faith under section four of chapter 231B relative to the settlement.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (Docket Entry # 56) is **ALLOWED**. This action is dismissed against FBM and Bongard with prejudice and without costs.

                                    /s/ Marianne B. Bowler
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge

---

[5] Appropriately, Bongard and FBM do not seek a separate final judgment at this juncture.